**Timothy J. Carrigan [MN State Bar No.: 0338412]**
tjcarrigan@ArthurChapman.com
**ARTHUR CHAPMAN KETTERING**
  **SMETAK & PIKALA, P.A.**
81 South Ninth Street, Suite 500
Minneapolis, MN 55402
Telephone: (612) 375-5905
Facsimile: (612) 339-7655
Admitted *Pro Hac Vice*

**Vijay K. Toke [CA State Bar No.: 215079]**
vijay@hiaringsmith.com
**HIARING + SMITH, LLP**
101 Lucas Valley Rd., Suite 300
San Rafael, CA 94903
Telephone: (415) 457-2040
Facsimile: (415) 457-2822

Attorneys for AVIVA SPORTS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA SPORTS, INC., a Minnesota corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>FINGERHUT DIRECT MARKETING, INC., a Delaware corporation, MENARD, INC., a Wisconsin corporation, KMART CORPORATION, a Michigan corporation, WAL-MART STORES, INC., a Delaware corporation dba Wal-Mart and Sam's Club and MANLEY TOYS, LTD., a Hong Kong corporation dba Manley Toys and ToyQuest,<br>　　　　　　　　　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | **CASE NO.**: CV 10-80249 MISC WHA<br><br>Action pending in the United States District Court for the District of Minnesota Case No. 09-CV-01091 JNE/JSM<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **ORDER ON THIRD PARTIES BRIAN DUBINSKY'S AND AQUAWOOD, LLC'S MOTION TO QUASH SUBPOENA SERVED ON WHAM-O, INC. AND FOR MONETARY SANCTIONS AGAINST PLAINTIFF AVIVA SPORTS, INC.**<br><br>Date:　October 28, 2010<br>Time:　11:00 a.m.<br>Ctrm:　9<br>Judge:　Hon. William Alsup |

[~~PROPOSED~~] ORDER ON THIRD PARTIES BRIAN DUBINSKY'S AND AQUAWOOD, LLC'S MOTION TO QUASH SUBPOENA SERVED ON WHAM-O, INC. AND FOR MONETARY SANCTIONS AGAINST PLAINTIFF AVIVA SPORTS, INC.
Case No. CV 10-80249 MISC WHA　　　　　　　-1-

The motion to quash the subpoena served on third party Wham-O, Inc. by Plaintiff Aviva Sports, Inc. ("Aviva") and for monetary sanctions filed by third parties Brian Dubinsky and Aquawood, LLC came on for hearing on October 28, 2010 at 11:00 a.m. in Courtroom 9 of the United States District Court for the Northern District of California before the Honorable William H. Alsup.  Gregory P. Barchie appeared for third parties Brian Dubinsky and Aquawood, LLC. Timothy J. Carrigan (admitted *pro hac vice*) and Vijay K. Toke appeared on behalf of Aviva. Having considered the papers and argument submitted by counsel, the Court rules as follows:

The parties were required to meet and confer regarding this discovery dispute, as per the Court's October 13, 2010 order.  As a result of the meet and confer process, Aviva agreed to waive requests 2, 3, and 4 of the subpoena, with the reservation that it could reassert request number 2 at a later time, if appropriate, based on facts learned later in the litigation.  Aviva therefore narrowed the scope of the subpoena to only request documents responsive to the first request in the subpoena, limiting the request to all declarations and depositions of Samson Chan, Lisa Liu, Brian Dubinsky, and Maggie Wong and "any other Manley / Toyquest / Aquawood / SLB Toys, Inc. employee, officer or director" in the *Color 1* and *Color 2* cases, and the depositions of Brian Dubinsky in the *Wave Rider* case.  Third parties Brian Dubinsky and Aquawood, LLC requested that the motion be granted and that the subpoena be quashed.

The Court orders that Wham-O, Inc. ("Wham-O"), the subpoenaed party, must produce all declarations and depositions of Samson Chan, Lisa Liu, Brian Dubinsky, and Maggie Wong in the *Color 1* and *Color 2* cases, and the depositions of Brian Dubinsky in the *Wave Rider* case. Wham-O is not required to produce declarations or depositions of any other "Manley / ToyQuest / Aquawood / SLB Toys, Inc." employee, officer, or director, as specified in the request. Accordingly, in accordance with this order, the motion to quash the subpoena is DENIED in part and GRANTED in part.

Wham-O shall produce the responsive documents to counsel for third parties Brian Dubinsky and Aquawood, LLC, who shall be allowed to redact any personal financial information of Samson Chan, Lisa Liu, Brian Dubinsky, and Maggie Wong from the documents to be produced under the subpoena.  Counsel for third parties Brian Dubinsky and Aquawood, LLC shall then

1 provide the redacted versions of the produced documents to counsel for Plaintiff Aviva Sports. The documents shall be produced within 20 day of the date of this Order.

Aviva Sports, Inc. is ordered to pay all costs, including reasonable attorney fees, associated with producing the requested documents. However, the Court cautions Wham-O, as well as third parties Brian Dubinsky and Aquawood, LLC, to be circumspect in calculating the amount they seek in reimbursement for producing the requested documents. If the Court determines that the amount is unreasonable, then the responding parties may be required to bear all the costs of production.

In addition, third parties Brian Dubinsky's and Aquawood, LLC's request for sanctions against Aviva is DENIED.

Wham-O's compliance with this order is stayed until November 4, 2010, pending third parties Brian Dubinsky's and Aquawood, LLC's potential appeal of this order.

IT IS SO ORDERED.

Dated: November 1, 2010

Hon. William H. Alsup

[PROPOSED] ORDER ON THIRD PARTIES BRIAN DUBINSKY'S AND AQUAWOOD, LLC'S MOTION TO QUASH SUBPOENA SERVED ON WHAM-O, INC. AND FOR MONETARY SANCTIONS AGAINST PLAINTIFF AVIVA SPORTS, INC.
Case No. CV 10-80249 MISC WHA                -3-